UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

KEVIN STARKEY,

    Plaintiff,

v.

ACME BARRICADES, L.C.
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, KEVIN STARKEY ("Mr. Starkey" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, ACME BARRICADES, L.C. ("ACME" or "Defendant"), a foreign limited liability company, and alleges as follows:

1.    Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, an equal amount as liquidated damages, front pay, emotional distress damages, reinstatement,

equitable relief, front pay, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FWA claim, as it arises out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Defendant is a Florida limited liability company that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of this Court.

6. At all times relevant hereto, Defendant was an employer covered by the FWA, because it was a firm, partnership, institution, corporation, or association that employed 10 or more persons.

7. Plaintiff worked for Defendant in Duval County, Florida, and nearby/adjacent counties, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take or attempt to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant, most recently as a Driver and Maintenance of Traffic Supervisor, from October 10, 2009, until his termination on November 5, 2020.

11. In mid-October of 2020, Mr. Starkey suffered symptoms of a serious health condition, specifically a respiratory infection.

12. Mr. Starkey immediately disclosed his serious health condition to his Supervisors at ACME.

13. In response, ACME failed to provide Mr. Starkey FMLA paperwork, or to advise him of his rights and obligations under the FMLA.

14. ACME's failure to do so constituted unlawful FMLA interference.

15. Mr. Starkey had to miss a week of work in order to treat and address his serious health condition, which lingered after he returned to work.

16. In late October of 2020, one of the workers in ACME's offices tested positive for the coronavirus/COVID-19 pandemic.

17. In response, ACME failed to observe proper protocols or safety measures, and did not even send drivers like Mr. Starkey to get tested.

18. At that time, Mr. Starkey objected to his Supervisor at ACME that ACME's actions violated, inter alia, 29 C.F.R. § 1910.1030, 29 C.F.R. § 1910.132, and 29 C.F.R. § 1910.134, Florida Executive Orders 20-51 and 20-52, City of Jacksonville Emergency Executive Proclamation 2020-005, the Families First Coronavirus Response Act, and the General Duty Clause of the Occupational Safety and Health Act ("OSHA").

19. Mr. Starkey's objections constituted protected activity under the FWA.

20. Very shortly thereafter, on November 5, 2020, ACME informed Mr. Starkey that it had decided to terminate his employment after more than a decade of loyal service to ACME and its customers.

21. ACME never offered any cogent explanation for its termination of Mr. Starkey's employment.

22. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Starkey notifying ACME of his serious health condition, and in retaliation for Mr. Starkey's need to utilize unpaid leave pursuant to the FMLA in order to treat and address same, and in retaliation for his objections to Defendant's violations of law.

23. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

24. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's violations of law.

25. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

26. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

27. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization or attempted utilization of what should have been protected FMLA leave.

28. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

29. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and his firing, is sufficiently close to create the necessary nexus between the events.

30. The persons to whom Plaintiff voiced his objections to Defendant's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating his employment.

31. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

32. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Starkey as a whistleblower under the law.

33. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal

conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) (s)he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) (s)he suffered an adverse employment action; and (3) the adverse employment action was causally linked to her or his objection or refusal).

34. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendant's unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

35. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

36. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

37. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

38.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 18, 20 through 29, and 35 through 37, above, as if fully set forth in this Count.

39.  At all times relevant hereto, Plaintiff was protected by the FMLA.

40.  At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

41.  At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise him of his rights and obligations under the FMLA, or to provide him FMLA paperwork, upon his disclosure of his serious health condition, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

42.  As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43.  As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7 through 18, 20 through 29, and 35 through 37, above, as if fully set forth in this Count.

45. At all times relevant hereto, Plaintiff was protected by the FMLA.

46. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

47. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for disclosing his serious health condition, for applying or attempting to apply for FMLA leave, and for utilizing or attempting to utilize what should have been FMLA-protected leave.

48. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

49. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT - UNLAWFUL RETALIATION

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 10 through 11, 16 through 24, 28 through 35, and 37, above, as if fully set forth in this Count.

52. On November 5, 2020, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

53. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

54. Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

55. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in heis favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 6th day of August, 2021.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*